UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-1677-JVS (SK) | Date | May 6, 2021 |
|---|---|---|---|
| Title | Enrique Bañuelos v. Morrison, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California pretrial detainee seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against the Los Angeles County Sheriff's Department and three private parties—Hyden Morrison, Alliante International Inc., and Vons Market. (ECF 1). Plaintiff alleges that Morrison, who is employed by Alliante International Inc. and works as a security guard for Vons Market, attacked him and injured his left wrist in February 2019. (*Id.* at 2-3). Afterwards, Plaintiff was evidently arrested and detained at Men's Central Jail. (*Id.* at 2-3). There, Plaintiff obtained an x-ray of his wrist, which showed that it was broken. (*Id.* at 3). According to Plaintiff, however, jail officials failed to refer him to an outside hospital for wrist surgery until nine months later. (*Id.* at 4). As a result, he alleges that the Los Angeles County Sheriff's Department, which operates Men's Central Jail, violated his right to adequate medical care under the Fourteenth Amendment. (*Id.* at 4). To decide whether Plaintiff may proceed in forma pauperis, the Court must first screen his complaint to determine whether it states a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1), § 1915(h). That pleading standard is unmet here for at least two reasons.

To start, section 1983 provides no federal cause of action against private actors like Morrison, Alliante, and Vons. Plaintiff alleges no facts to suggest that those private parties were acting under color of state law. *See* 42 U.S.C. § 1983. Nor does he allege any facts that could even conceivably suggest that those private parties were "willful participant[s] in joint action with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), during an apparent spontaneous act of violence in front of a grocery store. To be sure, Plaintiff's alleged altercation with a private Vons grocery security guard evidently led to his *later* arrest and detention by local police. But that does not mean the security guard (and his private employers) are subject to federal suit under § 1983 for how the police *later* addressed Plaintiff's wrist injury. Maybe Plaintiff can try to sue those private parties civilly under state tort law or file a complaint seeking state criminal prosecution; the Court has nothing to say about those options. What Plaintiff cannot do, however, is hail those private parties into federal court under § 1983 based on an alleged attack by a private security guard in front of a private grocery store. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Price v. State of Hawaii*, 939

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-1677-JVS (SK) | Date | May 6, 2021 |
|---|---|---|---|
| Title | Enrique Bañuelos v. Morrison, et al. | | |

F.2d 702, 707-08 (9th Cir. 1991); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012).

On the other hand, the Los Angeles County Sheriff's Department is undeniably a state municipal actor subject to (valid) suit under § 1983. But Plaintiff has failed to state a valid claim against that municipal entity, as well. To sue the County for any constitutional violation, Plaintiff must allege facts—not mere conclusions—plausibly showing that a municipal policy, practice, or custom was the cause of his constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1505 (9th Cir. 1992). He has not done that here. This does not mean Plaintiff has no recourse against any specific *individual* County officials who may have unconstitutionally denied Plaintiff's right to timely medical care. But Plaintiff names no such individual defendants. And the mere fact that the County may employ any officials who, in their individual capacities, allegedly violated Plaintiff's constitutional rights is not a valid legal basis to sue the County itself under § 1983. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 445 (9th Cir. 2010) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). Allegations of an "isolated" or "sporadic" incident by individual officials in their personal capacities cannot support municipal liability under *Monell*. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **June 7, 2021** why his in forma pauperis application should not be denied because his complaint fails to state a claim on which relief may be granted. To discharge this order, Plaintiff may file either an amended complaint that cures the deficiencies described in this order or a response explaining why the order is wrong. If Plaintiff cannot cure the deficiencies outlined in this order, or if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09. <u>Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which limits the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.</u>

**If Plaintiff files no notice of voluntary dismissal, amended complaint, or timely response to this order, this action may be involuntarily dismissed for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**